FILED
12-09-2016
John Barrett
Clerk of Circuit Court
Milwaukee County
2016CV010594
Honorable Clare L. Fiorenza-03
Branch 03

STATE OF WISCONSIN      CIRCUIT COURT      MILWAUKEE COUNTY

HENRY J. KLEIN,
N21W24069 Doorchester Drive,
Pewaukee, Wisconsin 53072,

           Plaintiff,

SECURA INSURANCE, A MUTUAL CO.,
A Domestic Corporation,
2401 South Memorial Drive,
Appleton, Wisconsin 54915,
**Registered Agent:** Secura Ins., A Mutual Co
Reception Area
2401 South Memorial Drive,
Appleton, Wisconsin 54915,

           Involuntary Plaintiff,

v.

MAXUM CASUALTY INSURANCE COMPANY,
A Foreign Corporation,
1209 Orange Street,
Wilmington, Delaware 19801,
**Registered Agent:** CT CORPORATION SYSTEM,
8020 Excelsior Drive, Suite 200,
Madison, Wisconsin 53717,

TUXEDO DISTRIBUTORS, LLC
A Foreign Corporation,
555 Pleasant Street, Suite 204
Attleboro, Massachusetts 02703
**Registered Agent:** Azure Semmus, General Manager,
Tuxedo Distributors, LLC
1905 North Main Street, #C,
Cleburne, Texas 76033,

           Defendants.

**SUMMONS**

Case No.: _____
Case Codes: 30100 and 30107

AMOUNT CLAIMED IS GREATER
THAN $5,000.00

---

**THE STATE OF WISCONSIN**

**TO EACH PERSON NAMED ABOVE AS A DEFENDANT**


EXHIBIT A

**YOU ARE HEREBY NOTIFIED** that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint which is attached states the nature and basis of the legal action.

Within forty-five (45) days after receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Circuit Court for <u>Milwaukee</u> County whose address is <u>901 North Ninth Street, Milwaukee, Wisconsin 53233</u>, and to the Plaintiff's Counsel, Attorney Eric M. Knobloch and Attorney Timothy S. Knurr whose address is 100 East Wisconsin Avenue, Suite 2800, Milwaukee, Wisconsin 53202. You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Milwaukee, Wisconsin this 9th day of December, 2016.

                GRUBER LAW OFFICES, LLC
                Attorneys for Plaintiff, HENRY J. KLEIN

By:    /s/Eric M. Knobloch
       SBN: 1064347
       /s/Timothy S. Knurr
       SBN: 1013220

**POST OFFICE ADDRESS:**
100 East Wisconsin Avenue
Suite 2800
Milwaukee, Wisconsin 53202
Telephone: 414.276.6666
emk@gruber-law.com
tsk@gruber-law.com

FILED
12-09-2016
John Barrett
Clerk of Circuit Court
MILWAUKEE COUNTY
2016CV010894
Honorable Clare L. Fiorenza-03
Branch 03

| | | |
|---|---|---|
| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE COUNTY |

HENRY J. KLEIN,
N21W24069 Doorchester Drive,
Pewaukee, Wisconsin 53072,

      Plaintiff,

SECURA INSURANCE, A MUTUAL CO.,
A Domestic Corporation,
2401 South Memorial Drive,
Appleton, Wisconsin 54915,
**Registered Agent:** Secura Ins., A Mutual Co
Reception Area
2401 South Memorial Drive,
Appleton, Wisconsin 54915,

      Involuntary Plaintiff,

v.

MAXUM CASUALTY INSURANCE COMPANY,
A Foreign Corporation,
1209 Orange Street,
Wilmington, Delaware 19801,
**Registered Agent:** CT CORPORATION SYSTEM,
8020 Excelsior Drive, Suite 200,
Madison, Wisconsin 53717,

TUXEDO DISTRIBUTORS, LLC
A Foreign Corporation,
1905 North Main Street, #C,
Cleburne, Texas 76033,
**Registered Agent**: Azure Semmus, General Manager,
Tuxedo Distributors, LLC
1905 North Main Street, #C,
Cleburne, Texas 76033,

      Defendants.

**COMPLAINT**

Case No.:_____
Case Codes: 30100 and 30107

AMOUNT CLAIMED IS GREATER
THAN $5,000.00

**NOW COMES** the Plaintiff, HENRY J. KLEIN, by his attorneys, GRUBER LAW OFFICES, LLC, by Attorney Eric M. Knobloch and Attorney Timothy S. Knurr, and alleges as follows:

## GENERAL ALLEGATIONS

1. That the Plaintiff, HENRY J. KLEIN, is an adult individual residing at N21W24069 Doorchester Drive, City of Pewaukee, County of Waukesha, State of Wisconsin, 53072.

2. That the Involuntary Plaintiff, SECURA INSURANCE, A MUTUAL COMPANY, is a domestic corporation organized and existing under the laws of the State of Wisconsin, whose main place of business is located at 2401 South Memorial Drive, in the City of Appleton, County of Outagamie, State of Wisconsin, 54915 with offices of their registered agent, SECURA INSURANCE COMPANY, located at 2401 South Memorial Drive, in the City of Appleton, County of Outagamie, State of Wisconsin 54915. That Involuntary Plaintiff, SECURA INSURANCE, A MUTUAL COMPANY, and at all times material herein was the workers compensation insurance company providing monies for health care services and indemnity payments to the Plaintiff, HENRY J. KLEIN, as a result of the injuries he sustained in the alleged incident. The Plaintiff, HENRY J. KLEIN, alleges doubt as to whether Involuntary Plaintiff, SECURA INSURANCE, A MUTUAL COMPANY, is truly subrogated or interested in this action, but that said Involuntary Plaintiff is joined as a party for the purpose of complying with the provisions of § 803.03, Wis. Stats.

3. That the Defendant, MAXUM CASUALTY INSURANCE COMPANY, is upon information and belief, a foreign corporation duly organized and existing under the laws of the State of Delaware, with their principal offices located at 1209 Orange Street, City of Wilmington, County of New Castle and State of Delaware 19801 and whose registered agent for

the purpose of service of process is CT CORPORATION SYSTEM, 8020 Excelsior Drive, Suite 200, Madison, Wisconsin 53717. Upon information and belief, Defendant MAXUM CASUALTY INSURANCE COMPANY as at all times material herein, was the liability insurance carrier for the defendant, TUXEDO DISTRIBUTORS, LLC, and pursuant to § 803.04(2), Wis. Stats., is a proper party Defendant by reason of the terms of its policy.

4. That the Defendant, TUXEDO DISTRIBUTORS, LLC, is a foreign corporation, whose principal offices are located at 555 Pleasant Street, Suite 204, City of Attleboro, County of Bristol, State of Massachusetts and whose registered agent for the purpose of service of process is Azure Sessums, General Manager, Tuxedo Distributors, LLC, 1905 North Main Street, #C, Cleburne, Texas 76033; that the Defendant, TUXEDO DISTRIBUTORS, LLC is an importer and distributor of automotive repair equipment manufactured in the Peoples Republic of China. Upon information and belief, Defendant, TUXEDO DISTRIBUTORS, LLC conducts substantial and not isolated business in the County of Milwaukee, State of Wisconsin.

5. That the Defendant, TUXEDO DISTRIBUTORS, LLC, was at all times material, and is, in the business of selling and distributing to the consuming public materials used in the automotive business, including but not limited to, automobile air lifts and accompanying steel support structures used in the transportation of the automobile air lifts.

6. That on or about May 27, 2014, during the unloading of an automobile air lift, and the accompanying steel support structure (hereinafter "the product"), sold and distributed by TUXEDO DISTRIBUTORS LLC, the Plaintiff, HENRY J. KLEIN, without misuse or mishandling of the product, during the course and scope of his employment with Standard Industrial, was

3

injured when a weld of the product failed, causing serious and permanent injury to HENRY J. KLEIN.

7. That, upon information and belief, the product that failed causing the Plaintiff's injuries was sold and or distributed by Kernel International Trading Co., with a known address of No. 1870, Jiu Jing Road, Jiu Tin Song Jiang, Shanghai, China (PRC) 201615, a Chinese company with no known contacts in the United States of America and not subject to service of process in the State of Wisconsin pursuant to Wis. Stat. section 895.0472(a)(2); further, upon information and belief, Kernel International Trading Co. is not insured by a liability carrier in the United States of America subject to service of process in the State of Wisconsin pursuant to Wis. Stat. section 895.0472(a)(2).

8. That, upon information and belief, the product that failed causing the Plaintiff's injuries was sold and or distributed by Shanghai Tiant Automobile Maintenance Co., Ltd, No. 851 Road, Huating Town, Jiading District, Shanghai, China (PRC) 201816, a Chinese company with no known contacts in the United States of America and not subject to service of process in the State of Wisconsin pursuant to Wis. Stat. section 895.047(2)(a)(2); further, upon information and belief, Shanghai Tiant Automobile Maintenance Co. Ltd., is not insured by a liability carrier in the United States of America subject to service of process in the State of Wisconsin pursuant to Wis. Stat. section 895.047(2)(a)(2).

9. That, upon information and belief, the product that failed causing the Plaintiff's injuries was manufactured by Maanshan Iron and Steel Company Ltd., No. 8, Jiu Hua Xi Road, Maanshan City, Anhui Province, China (PRC), 243003, a Chinese company with no known contacts in the United States of America and not subject to service of process in the State of

4

Wisconsin pursuant to Wis. Stat. section 895.047(2)(a)(2); further, upon information and belief, Maanshan Iron and Steel Company Ltd., is not insured by a liability carrier in the United States of America subject to service of process in the State of Wisconsin pursuant to Wis. Stat. section 895.047(2)(a)(2).

10. That, upon information and belief, given the completely foreign nature of the manufacturers and/or distributors, and their insurers, assuming they exist, the Plaintiff would be unable to obtain service of process on, and would also be unable to enforce a judgment against any entity in the chain of distribution, including the manufacturer Maanshan Iron and Steel Company Ltd., except Defendant TUXEDO DISTRIBUTORS, LTD, which is believed to be the only entity in the chain of distribution subject to service in the State of Wisconsin.

**FIRST CAUSE OF ACTION: STRICT PRODUCT LIABILITY AGAINST TUXEDO DISTRIBUTORS LLC**

11. As and for a First Cause of Action, Plaintiffs repeat and re-allege all of the allegations contained in paragraphs one (1) through ten (10) above, as if set forth in full herein, incorporate same by reference, and further allege as follows:

12. That at all times hereto the product was defective and unreasonably dangerous for any one or more, and not limited to, reasons:

a. Upon information and belief it contained a manufacturing defect which departed from its intended design even though all possible care was exercised in the manufacture of the product as evidenced by the fact that, suddenly and without warning, the weld failed as the Plaintiff was using the product as intended and without misuse.

b.  Upon information and belief the manufacturing defect consisted of a failure to properly weld the product to meet industry standard weld specifications, to withstand loads expected and commonly applied during normal, routine, expected usage of the product.

c.  The foreseeable risks of harm posed by the product's design could have been reduced or avoided by the adoption of a reasonable alternative design by the manufacturer and omission of the reasonably alternative design rendered the product not reasonably safe with said alternative design including, but not limited to, the use of alternate and/or additional welds which would not render the product susceptible to failure and otherwise dangerous for the intended users of the product, such as the Plaintiff.

13.  The defective condition of the product rendered the product unreasonably dangerous to persons or property.

14.  The defective condition existed at the time the product left control of the manufacturer and/or distributors.

15.  The product reached the Plaintiff, HENRY J. KLEIN, without substantial change in the condition in which it was sold.

16.  That as a direct and proximate result of the defective condition of the product, HENRY KLEIN suffered injuries and damages including, but not limited to, past and future pain, suffering, disability and disfigurement, past loss of earnings and future loss of earning capacity, and past and future medical and hospital bills.

**WHEREFORE**, the Plaintiff, HENRY J. KLEIN, demands judgment against the Defendants, MAXUM CASUALTY INSURANCE COMPANY and TUXEDO DISTRIBUTION, LLC as follows:

1. On the first cause of action, on behalf of the Plaintiff, HENRY J. KLEIN, in an amount to be determined by the trier of fact together with the pre-judgment and post-judgment interest, costs, attorney fees and disbursements of this action;

2. For any and all other relief the Court deems just and equitable.

**PLAINTIFF HEREBY DEMANDS THAT THE ABOVE ENTITLED ACTION BE TRIED BY A JURY OF TWELVE (12) PERSONS**

Dated at Milwaukee, Wisconsin this 9th day of December, 2016.

GRUBER LAW OFFICES, LLC
Attorneys for Plaintiff, HENRY J. KLEIN

By: /s/Eric M. Knobloch
SBN: 1064347
/s/Timothy S. Knurr
SBN: 1013220

**POST OFFICE ADDRESS:**
100 East Wisconsin Avenue
Suite 2800
Milwaukee, Wisconsin 53202
Telephone: 414.276.6666
emk@gruber-law.com
tsk@gruber-law.com

7