UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HENRY J. KLEIN,
N21W24069 Doorchester Drive,
Pewaukee, Wisconsin 53072,

           Plaintiff,

**AMENDED COMPLAINT**
Case No: 2:17-cv-00048-LA

SECURA INSURANCE, A MUTUAL CO.,
A Domestic Corporation,
2401 South Memorial Drive,
Appleton, Wisconsin 54915,
**Registered Agent:** Secura Ins., A Mutual Co
Reception Area
2401 South Memorial Drive,
Appleton, Wisconsin 54915,

           Involuntary Plaintiff,
v.

MAXUM CASUALTY INSURANCE COMPANY,
A Foreign Corporation,
1209 Orange Street,
Wilmington, Delaware 19801,
**Registered Agent:** CT CORPORATION SYSTEM,
8020 Excelsior Drive, Suite 200,
Madison, Wisconsin 53717,

TUXEDO DISTRIBUTORS, LLC
A Foreign Corporation,
555 Pleasant Street, Suite 204
Attleboro, Massachusetts 02703
**Registered Agent**: Azure Semmus, General Manager,
Tuxedo Distributors, LLC
1905 North Main Street, #C,
Cleburne, Texas 76033,

CHUBB INDEMNITY INSURANCE COMPANY
d/b/a  CHUBB NATIONAL INSURANCE COMPANY
d/b/a CHUBB INSURANCE (CHINA) COMPANY LIMITED,
A Foreign Corporation,
202B Halls Mill Road,

Whitehouse Station, New Jersey 08889,
**Registered Agent:** CT Corporation System,
8020 Excelsior Drive,
Suite 200,
Madison, Wisconsin 53717,

    Defendants.

---

  **NOW COMES** the Plaintiff, HENRY J. KLEIN, by his attorneys, GRUBER LAW OFFICES, LLC, by Attorney Eric M. Knobloch and Attorney Timothy S. Knurr, and alleges as follows:

### GENERAL ALLEGATIONS

  1. That the Plaintiff, HENRY J. KLEIN, is an adult individual residing at N21W24069 Doorchester Drive, City of Pewaukee, County of Waukesha, State of Wisconsin, 53072.

  2. That the Involuntary Plaintiff, SECURA INSURANCE, A MUTUAL COMPANY, is a domestic corporation organized and existing under the laws of the State of Wisconsin, whose main place of business is located at 2401 South Memorial Drive, in the City of Appleton, County of Outagamie, State of Wisconsin, 54915 with offices of their registered agent, SECURA INSURANCE COMPANY, located at 2401 South Memorial Drive, in the City of Appleton, County of Outagamie, State of Wisconsin 54915. That Involuntary Plaintiff, SECURA INSURANCE, A MUTUAL COMPANY, and at all times material herein was the workers compensation insurance company providing monies for health care services and indemnity payments to the Plaintiff, HENRY J. KLEIN, as a result of the injuries he sustained in the alleged incident. The Plaintiff, HENRY J. KLEIN, alleges doubt as to whether Involuntary Plaintiff, SECURA INSURANCE, A MUTUAL COMPANY, is truly subrogated or interested in this action, but that said Involuntary

Plaintiff is joined as a party for the purpose of complying with the provisions of § 803.03, Wis. Stats.

3. That the Defendant, MAXUM CASUALTY INSURANCE COMPANY, is upon information and belief, a foreign corporation duly organized and existing under the laws of the State of Delaware, with their principal offices located at 1209 Orange Street, City of Wilmington, County of New Castle and State of Delaware 19801 and whose registered agent for the purpose of service of process is CT CORPORATION SYSTEM, 8020 Excelsior Drive, Suite 200, Madison, Wisconsin 53717. Upon information and belief, Defendant MAXUM CASUALTY INSURANCE COMPANY as at all times material herein, was the liability insurance carrier for the defendant, TUXEDO DISTRIBUTORS, LLC, and pursuant to § 803.04(2), Wis. Stats., is a proper party Defendant by reason of the terms of its policy.

4. That the Defendant, TUXEDO DISTRIBUTORS, LLC, is a foreign corporation, whose principal offices are located at 555 Pleasant Street, Suite 204, City of Attleboro, County of Bristol, State of Massachusetts and whose registered agent for the purpose of service of process is Azure Sessums, General Manager, Tuxedo Distributors, LLC, 1905 North Main Street, #C, Cleburne, Texas 76033; that the Defendant, TUXEDO DISTRIBUTORS, LLC is an importer and distributor of automotive repair equipment manufactured in the Peoples Republic of China. Upon information and belief, Defendant, TUXEDO DISTRIBUTORS, LLC conducts substantial and not isolated business in the County of Milwaukee, State of Wisconsin.

5. That the Defendant, TUXEDO DISTRIBUTORS, LLC, was at all times material, and is, in the business of selling and distributing to the consuming public materials used in the

3

automotive business, including but not limited to, automobile air lifts and accompanying steel support structures used in the transportation of the automobile air lifts.

6. That the Defendant, CHUBB INDEMNITY INSURANCE COMPANY d/b/a CHUBB NATIONAL INSURANCE COMPANY d/b/a CHUBB INSURANCE (CHINA) COMPANY LIMITED, is upon information and belief, a foreign corporation duly organized and existing under the laws of the State of New Jersey, with their principal offices located at 202B Halls Mill Road, Unincorporated place of Whitehouse Station, County of Hunterdon, State of New Jersey 08889 and whose registered agent for the purpose of service of process is CT CORPORATION SYSTEM, 8020 Excelsior Drive, Suite 200, Madison, Wisconsin 53717. Upon information and belief, Defendant CHUBB INDEMNITY INSURANCE COMPANY d/b/a CHUBB NATIONAL INSURANCE COMPANY d/b/a CHUBB INSURANCE (CHINA) COMPANY LIMITED as at all times material herein, was the liability insurance carrier for Shanghai TIANT Automotive Maintenance Equipment and/or Kernel International Trading Co., and pursuant to § 803.04(2), Wis. Stats., is a proper party Defendant by reason of the terms of its policy.

7. That on or about May 27, 2014, during the unloading of an automobile air lift, and the accompanying steel support structure (hereinafter "the product"), sold and distributed by TUXEDO DISTRIBUTORS LLC, the Plaintiff, HENRY J. KLEIN, without misuse or mishandling of the product, during the course and scope of his employment with Standard Industrial, was injured when a weld of the product failed, causing serious and permanent injury to HENRY J. KLEIN.

8. That, upon information and belief, the product that failed causing the Plaintiff's injuries was sold and or distributed by Kernel International Trading Co., with a known address

of No. 1870, Jiu Jing Road, Jiu Tin Song Jiang, Shanghai, China (PRC) 201615, a Chinese company with no known contacts in the United States of America and not subject to service of process in the State of Wisconsin pursuant to Wis. Stat. section 895.0472(a)(2); further, upon information and belief, Kernel International Trading Co. is not insured by a liability carrier in the United States of America subject to service of process in the State of Wisconsin pursuant to Wis. Stat. section 895.0472(a)(2).

9. That, upon information and belief, the product that failed causing the Plaintiff's injuries was manufactured, sold or distributed by Shanghai Tiant Automobile Maintenance Co., Ltd, No. 851 Road, Huating Town, Jiading District, Shanghai, China (PRC) 201816, a Chinese company with no known contacts in the United States of America and not subject to service of process in the State of Wisconsin pursuant to Wis. Stat. section 895.047(2)(a)(2); further, upon information and belief, Shanghai Tiant Automobile Maintenance Co. Ltd., is not insured by a liability carrier in the United States of America subject to service of process in the State of Wisconsin pursuant to Wis. Stat. section 895.047(2)(a)(2).

10. That, upon information and belief, the product that failed causing the Plaintiff's injuries was manufactured by Maanshan Iron and Steel Company Ltd., No. 8, Jiu Hua Xi Road, Maanshan City, Anhui Province, China (PRC), 243003, a Chinese company with no known contacts in the United States of America and not subject to service of process in the State of Wisconsin pursuant to Wis. Stat. section 895.047(2)(a)(2); further, upon information and belief, Maanshan Iron and Steel Company Ltd., is not insured by a liability carrier in the United States of America subject to service of process in the State of Wisconsin pursuant to Wis. Stat. section 895.047(2)(a)(2).

11. That, upon information and belief, given the completely foreign nature of the manufacturers and/or distributors, and their insurers, assuming they exist, the Plaintiff would be unable to obtain service of process on, and would also be unable to enforce a judgment against any entity in the chain of distribution, including the manufacturer Maanshan Iron and Steel Company Ltd., except Defendant TUXEDO DISTRIBUTORS, LTD, which is believed to be the only entity in the chain of distribution subject to service in the State of Wisconsin.

**FIRST CAUSE OF ACTION: STRICT PRODUCT LIABILITY AGAINST TUXEDO DISTRIBUTORS LLC**

12. As and for a First Cause of Action, Plaintiffs repeat and re-allege all of the allegations contained in paragraphs one (1) through eleven (11) above, as if set forth in full herein, incorporate same by reference, and further allege as follows:

13. That at all times hereto the product was defective and unreasonably dangerous for any one or more, and not limited to, reasons:

   a. Upon information and belief it contained a manufacturing defect which departed from its intended design even though all possible care was exercised in the manufacture of the product as evidenced by the fact that, suddenly and without warning, the weld failed as the Plaintiff was using the product as intended and without misuse.

   b. Upon information and belief the manufacturing defect consisted of a failure to properly weld the product to meet industry standard weld specifications, to withstand loads expected and commonly applied during normal, routine, expected usage of the product.

   c. The foreseeable risks of harm posed by the product's design could have been reduced or avoided by the adoption of a reasonable alternative design by the manufacturer and omission of the reasonably alternative design rendered the product not reasonably safe with

6

said alternative design including, but not limited to, the use of alternate and/or additional welds which would not render the product susceptible to failure and otherwise dangerous for the intended users of the product, such as the Plaintiff.

14. The defective condition of the product rendered the product unreasonably dangerous to persons or property.

15. The defective condition existed at the time the product left control of the manufacturer and/or distributors.

16. The product reached the Plaintiff, HENRY J. KLEIN, without substantial change in the condition in which it was sold.

17. That as a direct and proximate result of the defective condition of the product, HENRY KLEIN suffered injuries and damages including, but not limited to, past and future pain, suffering, disability and disfigurement, past loss of earnings and future loss of earning capacity, and past and future medical and hospital bills.

**WHEREFORE**, the Plaintiff, HENRY J. KLEIN, demands judgment against the Defendants, MAXUM CASUALTY INSURANCE COMPANY, TUXEDO DISTRIBUTION, LLC and CHUBB INDEMNITY INSURANCE COMPANY d/b/a CHUBB NATIONAL INSURANCE COMPANY d/b/a CHUBB INSURANCE (CHINA) COMPANY LIMITED as follows:

1. On the first cause of action, on behalf of the Plaintiff, HENRY J. KLEIN, in an amount to be determined by the trier of fact together with the pre-judgment and post-judgment interest, costs, attorney fees and disbursements of this action;

2. For any and all other relief the Court deems just and equitable.

**PLAINTIFF HEREBY DEMANDS THAT THE ABOVE ENTITLED
ACTION BE TRIED BY A JURY OF TWELVE (12) PERSONS**

Dated at Milwaukee, Wisconsin this 18th day of May, 2017.

                            GRUBER LAW OFFICES, LLC
                            Attorneys for Plaintiff, HENRY J. KLEIN

            By:    /s/Eric M. Knobloch
                    SBN: 1064347
                    /s/Timothy S. Knurr
                    SBN: 1013220

**POST OFFICE ADDRESS**:
100 East Wisconsin Avenue
Suite 2800
Milwaukee, Wisconsin 53202
Telephone: 414.276.6666
emk@gruber-law.com
tsk@gruber-law.com